**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EARL LEROY FRANKLIN, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-04-236-T** |
| | ) | |
| **ERIC R. FRANKLIN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a response to the petition [Doc. No. 10] and the relevant state court record (hereinafter, Record) [Doc. No. 12]. Petitioner has replied to the response, and thus the matter is at issue. For the reasons set forth below, it is recommended that the petition be denied.

Relevant Case History

Petitioner was tried and convicted by a jury in Oklahoma County District Court, Case No. CF-1999-2131 of possession of a controlled dangerous substance (cocaine), and assault and battery upon a police officer, both after former conviction of two or more felonies.[1] Petitioner was sentenced to 20 years imprisonment on each conviction.

Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising three propositions of error:

---

[1]Petitioner was acquitted on a third count of assault upon a police officer.

> 1. The trial court erred in failing to suppress the evidence of the controlled dangerous substance (cocaine), as it was the fruit of an illegal seizure in violation of the Fourth Amendment and corresponding provisions of the Oklahoma Constitution.
> 2. [Petitioner] was denied his right to due process and a fundamentally fair trial when the trial court allowed the State to present the unendorsed, expert testimony of Officer Fred Moon in rebuttal.
> 3. The trial court failed to properly instruct the jury on the applicable range of punishment, and thus violated [Petitioner's] right to due process and fundamental fairness.

Record, Ex. 1 (Brief of Appellant before OCCA).

The OCCA affirmed Petitioner's conviction in a summary opinion entered March 21, 2003, Case No. F-2002-176. Record, Ex. 3. In this habeas corpus action, Petitioner raises the same grounds raised on direct appeal. *See* Petitioner's Application and Brief and Support for Habeas Corpus Relief (hereinafter, Petition) [Doc. No. 1].

Respondent admits that Petitioner has exhausted his state court remedies and that the petition is timely. Respondent contends that Petitioner had a full and fair opportunity to litigate the Fourth Amendment claim raised in Ground One, and that he is therefore not entitled to habeas relief on this claim. Respondent further contends that the remaining claims concern state law issues which are not cognizable for habeas review and alternatively, that the alleged state law errors did not result in fundamental unfairness.

Factual Background

On April 6, 1999, four members of an Oklahoma City Police Department Impact unit, a street level narcotics investigative team, conducted a "knock and talk" investigation at the Beasley Apartments in Oklahoma City, based on information from the apartment manager that an individual named "Chicago" was selling narcotics out of one

2

of the apartments.  The resident of one apartment, Ms. King, invited officers Bradberry and Porter inside and consented to a search of her apartment.  While the officers were in Ms. King's apartment, they heard a knock on the living room window.  Ms. King went to the window and began talking to someone.  Officer Bradberry testified that he heard a male voice mentioned "money."  Officer Bradberry requested that Ms. King invite the male, later identified as Petitioner, into her apartment.  Officer Bradberry confronted Petitioner in the hallway, showed his badge, and asked Petitioner to take his hands out of his pockets.  As Petitioner did so, the officer observed a baggy in Petitioner's hand. Petitioner dropped the baggy and ran down the apartment hallway.

Bradberry retrieved the baggy and yelled to the other officers.  Officer Porter chased Petitioner outside into the parking lot, yelling at him to stop.  Petitioner got into a maroon Ford Taurus.  Porter reached into the vehicle to retrieve the keys from the ignition, held his pistol on Petitioner, and ordered Petitioner to exit the vehicle.  The car began to move, injuring Officer Porter.  After the vehicle crashed into another car, one of the other officers took Petitioner into custody.  The forensic test of the baggy dropped by Petitioner revealed seven rocks of cocaine base weighing approximately .52 grams.

<u>Discussion</u>

<u>Standard of Review</u>

For factual and legal issues that have already been adjudicated in state court, this Court may only grant a writ of habeas corpus if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1) and (2).  A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or  confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  A state court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* at 413; *see also Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable.  *Williams*, 529 U.S. at 410-11; *Valdez v. Bravo*, 373 F.3d 1093, 1096 (10th Cir.), *cert. denied*, 125 S.Ct. 622 (2004).  The fact that the OCCA denied relief to Petitioner in a summary opinion does not affect the deference owed to the state court's results.  *Aycox v. Little*, 196 F.3d 1174, 1177 (10th Cir. 1999).  *See Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*) (holding that state court's failure to discuss or even to be aware of federal precedent does not in itself render the decision contrary to federal law); *Miller v. Mullin*, 354 F.3d 1288, 1292-93 (10th Cir. 2004) (applying the § 2254(d) deferential standard "notwithstanding the [OCCA's] failure to cite or discuss federal case law") (citing *Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 10 (2003)).  Further, the state court's factual findings are presumed correct and the burden is on

4

Petitioner to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sallahdin v. Gibson*, 275 F.3d 1211, 1222 (10th Cir. 2002).

I.   <u>Fourth Amendment Issue - Ground One</u>

In his first ground for relief, Petitioner alleges that his Fourth Amendment rights were violated because the trial court overruled his motion to suppress certain evidence. Specifically, Petitioner contends that law enforcement officers subjected him to an illegal seizure based on the officers' "show of authority" and that the officers lacked reasonable suspicion that Petitioner had committed or was intending to commit a crime.  Petition at 7-9.   Petitioner asserts that absent the alleged inadmissible evidence (a baggy of cocaine), no juror would have found him guilty of possession of a controlled dangerous substance.  Petition at 10.

Respondent contends that because Petitioner was afforded review of his Fourth Amendment by the trial court on a hearing on a motion to suppress and again on direct appeal, habeas review of the claim in Ground One is precluded by the holding in  *Stone v. Powell*, 428 U.S. 465 (1976).  "Under *Stone*, habeas relief shall not be granted on the ground that the trial court admitted evidence obtained in violation of the Fourth Amendment despite the judicially-created exclusionary rule, provided that the defendant had an opportunity for full and fair litigation of the Fourth Amendment claim." *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing *Stone v. Powell*, 428 U.S. at 481-82).

Petitioner does not deny that he had an opportunity for full and fair consideration of his Fourth Amendment claim; rather, in replying to the state's response, Petitioner

5

contends that *Stone* "should be unpersuasive to his constitutional circumstance" because "his arrest was not the result of an 'otherwise valid arrest'" Petitioner's Reply at 3. Petitioner contends that his Fourth Amendment claim should be considered on habeas review, because a state court "'must' exclude evidence from the trial of an individual defendant whose Fourth and Fourteenth Amendment rights were violated by a search or seizure that directly resulted in the acquisition of that evidence." *Id.* at 4 (citing *Mapp v. Ohio*, 367 U.S. 643 (1971)). Petitioner is essentially requesting that this Court reexamine the state courts' rulings on his motion to suppress. However, pursuant to *Stone v. Powell, supra*, this Court need not review the factual findings of the state courts; rather, the Court must only determine that a full and fair opportunity to litigate the Fourth Amendment claim was provided in the course of the state court proceedings.[2]

The record establishes that Petitioner fully and fairly presented his Fourth Amendment claim, both at trial and on direct appeal. Petitioner recognizes that his appointed counsel filed a pretrial motion to suppress the evidence (cocaine) that was seized during Petitioner's arrest, and he further recognizes that the motion was denied

---

[2]*Stone v. Powell* focused on the fact that "[t]he primary justification for the exclusionary rule . . . is the deterrence of police conduct that violates Fourth Amendment rights." *Stone*, 428 U.S. at 486. The Supreme Court noted that "[p]ost-*Mapp* decisions have established that the rule is not a personal constitutional right." *Id.* Therefore, the *Stone* Court "weigh[ed] the utility of the exclusionary rule against the costs of extending it to collateral review of Fourth Amendment claims." *Id.* at 489. In doing so, the Court noted that "[a] pplication of the rule . . . deflects the truthfinding process and often frees the guilty." *Id.* at 490. Moreover, the Court determined that the " additional contribution, if any, of the consideration of search-and-seizure claims of state prisoners on collateral review is small in relation to the costs." *Id.* at 493. Therefore, the Court found that "the resulting advance of the legitimate goal of furthering Fourth Amendment rights would be outweighed by the acknowledged costs to other values vital to a rational system of criminal justice." *Id.* at 494-95.

by the trial court at a pretrial hearing.  Petition at 7.[3]  The record shows that during trial, defense counsel renewed the motion to suppress which the trial court again overruled. Response, Ex. 4 (relevant trial transcript) at 182, 193, 197, 426-28, and 519.  On direct appeal of his conviction to the OCCA, Petitioner again raised the Fourth Amendment claim.  The OCCA considered and rejected the claim.[4]  Thus, Petitioner was provided a full and fair opportunity to litigate the claim.  *See Smallwood*, 191 F.3d at 1265 (affirming denial of federal habeas relief based on alleged Fourth Amendment violations pursuant to *Stone* where petitioner had moved to suppress the evidence resulting from his alleged unlawful seizure, objected to the admission of this evidence at trial and presented the issue to the OCCA on direct appeal); *Magirl v. Dorsey*, No. 98-2129, 1999 WL 273330, at *1 (10th Cir. May 5, 1999)[5] (noting that the court was barred from considering a habeas petitioner's Fourth Amendment claims because the petitioner had " argued that the evidence should be suppressed as the fruit of an illegal arrest . . . in pre-trial proceedings [and] on direct appeal . . . .");  *Washington v. State of Oklahoma*, No. 97-6272, 1998 WL 327866 (10th Cir. June 18, 1998) (where state courts denied on the merits petitioner's challenge to the constitutionality of a nighttime search, both at a suppression hearing in

---

[3]Neither party disputes that the motion was argued to the trial court and denied.  *See* Record, Exs. 1 and 2.  *See also* Record, Ex. 4 (relevant trial transcript) at 2 (trial court's acknowledgment that pretrial motion to suppress was denied).

[4]The OCCA cited its own precedent in finding "there is competent evidence reasonably tending to support the trial court's findings, based on current search and seizure law."  *See* OCCA Summary Opinion at 2 (citing *Abraham v. State*, 962 P.2d 647, 647 (Okla. Crim. App. 1998) and *Atterberry v. State*, 726 P.2d 898, 899 (Okla. Crim. App. 1986)).  This precedent relies upon Fourth Amendment analysis and citation to applicable United States Supreme Court precedent.  *See id.*

[5]This unpublished opinion and others cited herein are cited as persuasive authority in accordance with Tenth Circuit Rule 36.3.

the trial court and on direct appeal, petitioner had a full and fair opportunity to litigate his Fourth Amendment claim).

The trial court's consideration of Petitioner's motion to suppress coupled with the OCCA's adjudication of the merits of Petitioner's Fourth Amendment claim constitutes a full and fair opportunity to litigate his Fourth Amendment claim.  Therefore, Petitioner is not entitled to federal habeas review of this claim and Ground One of the Petition should be denied.

II.    <u>Rebuttal Testimony - Ground Two</u>

In Ground Two Petitioner alleges that his right to due process and fundamental fairness was violated when the prosecution, over Petitioner's objection, was allowed to call on rebuttal, Officer Fred Moon, who had not been endorsed as a witness prior to trial. Petition at 11.  During the State's case in chief, the prosecutor called Officer Moon to testify and Petitioner objected to such testimony as he had not been endorsed as a witness by the State, nor listed on the State's witness list.  Record, Ex. 4 at 377-78. Because the State had failed to endorse or list such witness, the trial court prohibited Officer Moon's testimony at that point.  *Id.* at 379.  After the close of the State's case in chief, Petitioner testified on his own behalf and denied running over Officer Porter with his vehicle.  *Id.* at 433.  According to Petitioner, he ran from Officer Porter, jumped into his vehicle, and put the car in gear.  When Porter pointed his gun toward Petitioner's head, Petitioner put his hands in the air and his foot lifted from the brake, causing the vehicle to begin rolling.  *Id.* at 442-44. 452-53.  Petitioner testified that he did not intend

to injure Officer Porter, that he was just trying to get away, and that Porter merely stepped back from the vehicle and fell on his back.  *Id.* at 452-53.

On rebuttal, the prosecutor called Officer Moon.[6]  Officer Moon testified that on the day of the incident in question, he responded to a call that an officer was down and conducted an investigation of the scene shortly after the injury to Officer Porter.  Officer Moon testified that he had been with the police department over twenty years, working an expert in traffic accident reconstruction and investigation.  Record, Ex. 4 at 465-66.  According to Officer Moon, the curb strike marks on the underside of the vehicle driven by Petitioner on April 6, 1999, were inconsistent with the car advancing at mere idle speed as testified by Petitioner.  *Id.* at 471-79.  He further testified that in his expert opinion, Petitioner had to have caused the vehicle to accelerate by placing his foot on the gas pedal.  *Id.* at 479.

Petitioner alleges, as he did on direct appeal, that Officer Moon's rebuttal testimony constituted a discovery violation, resulted in unfair surprise and was not proper rebuttal testimony.  Petition at 10-14.  In rejecting the same claim on direct appeal, the OCCA held that the "testimony was properly introduced as rebuttal."  Record, Ex. 3 at 2 (citing *Johnston v. State*, 673 P.2d 844, 849 (Okla. Crim. App. 1983) and *Short v. State*, 980 P.2d 1081, 1094 (Okla. Crim. App. 1999)).  *See also Luna v. State*, 815 P.2d 1197, 1199 (Okla. Crim. App. 1991) ("rebuttal evidence may be offered to explain, repel,

---

[6]The record reflects no objection by Petitioner's counsel at the time Officer Moon was called as a rebuttal witness.  During the officer's testimony Petitioner's counsel objected to certain testimony as not being "proper rebuttal" while acknowledging that Moon's testimony was to be restricted to "rebutting whatever evidence we presented."  Record, Ex. 4 at 467

disprove, or contradict facts given in evidence by the adverse party, regardless of whether such evidence might have been introduced in the State's case in chief....").

Evidentiary errors generally involve only state law and do not support a claim for federal habeas relief. *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) ("Generally speaking, a state court's misapplication of its own evidentiary rules . . . . is insufficient to grant habeas relief ."). On habeas review, this Court can only review state court evidentiary rulings "'to determine whether the error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Hooker v. Mullin*, 293 F.3d 1232, 1238 (10th Cir. 2002), *cert. denied*, 537 U.S. 1165 (2003) (quoting *Williamson v. Ward*, 110 F.3d 1508, 1522 (10th Cir. 1997)). *See also Brinlee v. Crisp*, 608 F.2d 839, 850 (10th Cir. 1979).

The record in the instant case does not support Petitioner's claim of a fundamentally unfair trial. Petitioner argues that Officer Moon's testimony was not proper rebuttal testimony because nothing about Moon's reconstruction of the incident rebutted Petitioner's testimony. Petition at 13. However, Officer Moon testified essentially that based on the physical evidence at the scene, the injury did not happen the way Petitioner testified it happened. Thus, Officer Moon's testimony was properly admitted as rebuttal evidence to disprove or contradict facts given by an adverse party. *See Luna*, 815 P.2d at 1199.

Moreover, because state law does not require notice of rebuttal witnesses, admission of Officer Moon's testimony did not constitute a discovery violation. *See Short,* 980 P.2d at 1094. Nor was Petitioner unfairly surprised by Officer Moon's rebuttal

testimony because the record reflects that police reports identifying Officer Moon's participation, diagrams of the scene used by Officer Moon, and Officer Moon's own investigative report were provided to Petitioner's counsel prior to trial.  Record , Ex. 4 at 378-79.  Accordingly, Petitioner fails to show that the admission of Officer Moon's expert testimony and opinion regarding the physical evidence at the scene of the injury to Officer Porter rendered his trial fundamentally unfair.

 Therefore, the undersigned finds that the OCCA's rejection of this claim is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was the OCCA's decision based on an unreasonable determination of the facts in light of the evidence presented at trial.  Accordingly, Petitioner is not entitled to habeas relief concerning his claim in Ground Two.

III.    Jury Instruction on Punishment- Ground Three

In Ground Three, Petitioner claims the trial court erred during the sentencing phase of the trial by refusing to instruct the jury regarding the applicable range of punishment provided by the 2001 amendment to Oklahoma's habitual offender statute. The record, undisputed by Petitioner, shows that the crimes for which he was convicted were committed on April 6, 1999.  Record, Ex. 4 at 160-64.  At that time, the applicable sentencing range for a subsequent offender under the general enhancement statute for habitual offenders was twenty years to life imprisonment.  Okla. Stat. tit. 21, § 51.1(B) (1991).  It is undisputed that on July 1, 2001, prior to Petitioner's trial but after he committed the crime, the enhancement statute was amended to provide a minimum

11

sentence for a habitual offender of three times the minimum term for a first time offender." Okla. Stat. tit. 21, § 51.1(C) (Supp. 2002).

Petitioner alleges the instructions given to the jury at his October 2001 trial erroneously reflected the pre-amendment punishment range of "not less than twenty years." *Id*. Petitioner claims, as he did in the direct appeal of his conviction, that the favorable sentencing amendment should have been applied retroactively to his case. Petitioner relies solely on state law in support of this claim. Petitioner does not articulate how the instruction using the pre-amendment punishment range under state law violated his constitutional rights.

On direct appeal, the OCCA rejected this claim, finding that the amended enhancement statute "has prospective application only." Record, Ex. 3 at 2 (citing *Nestell v. State*, 954 P.2d 143, 144 (Okla. Crim. App. 1998) and *Ferrell v. State*, 902 P.2d 113, 114 (Okla. Crim. App. 1995)). The OCCA's decision rejecting this claim reflects that court's interpretation of state law.

The federal writ of habeas corpus reaches only convictions obtained in violation of the United States Constitution, laws, or treaties. *See, e. g., Mabry v. Johnson*, 467 U.S. 504, 507 (1984). Here, as Respondent correctly argues, Petitioner raises an issue of sentencing which is properly left to the state courts and does not involve the violation of the Constitution or federal law. *See Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999). Because Petitioner's claim, seeking retroactive application of a state sentencing law, involves only a matter of state law, it is not cognizable in this action. *See Dickson v. Franklin*, No. 04-6106, 2005 WL 958493, at *3 (10th Cir. April 25, 2005) (affirming

denial of Oklahoma prisoner's habeas claim seeking retroactive benefit of July 1, 2001, amendment to sentencing enhancement statute) ; *Nestell v. Klinger*, No. 98-6148, 1998 WL 544361 (10th Cir. Aug. 27, 1998) (claim of error in OCCA's decision that, as a matter of state law, sentencing statutes do not apply retroactively raises only issue of state law not cognizable in federal habeas petition).

Further, to the extent Petitioner seeks review of the trial court's instructions to the jury on sentence enhancement, he has similarly failed to ground this claim in federal law. The Tenth Circuit has held that "[h]abeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense  . . . ." *Brinlee v. Crisp*, 608 F.2d 839, 854 (10th Cir. 1979) (citations omitted); *see also Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997 ).  The Tenth Circuit has specifically held that "a petitioner does not have a constitutional right to the application of a sentencing statute enacted after the date he committed his crime." *Moore v. Nelson*,  No. 02- 3024, 2002 WL 31372263, at *3 (10th Cir. Oct. 21, 2002). *See also Welch v. Champion*, No. 99-7070, 1999 WL 1020864 (10th Cir. Nov. 10, 1999); *Nestell v. Klinger*, *supra*, 1998 WL 544361.

Moreover, matters relating to sentencing do not raise issues of federal constitutional concern unless the statutory limits are exceeded.  *See Handley v. Page*, 279 F. Supp. 878, 879 (W.D. Okla.) ("Matters relating to sentencing . . . are governed by state law and do not raise a federal Constitutional question."), *aff'd*, 398 F.2d 351 (10th Cir. 1968) (*per curiam*); *see also Munn v. Ward*, No. 98-6207, 1998 WL 764651 at *2 (10th Cir.

Oct. 28, 1998) (In order "[t]o obtain federal habeas relief based on an excessive sentence,
a litigant must show that his sentence 'exceeds or is outside the statutory limits, or is
wholly unauthorized by law.'") (quoting *Haynes v. Butler*, 825 F.2d 921, 923-924 (5th Cir.
1987)).  Petitioner does not contend that his sentence exceeded the limit set by the statute
in effect at the time he committed the crime for which he is being punished.  The
maximum sentence provided by Okla. Stat. tit. 21, § 51.1(B) -- life imprisonment -- was
not changed by the July 2001 amendment.  Thus, Petitioner's sentences of twenty-five
years imprisonment were well within the statutory limits prescribed under both the
statute in effect at the time of the crime and the statute as amended.  Petitioner has not
shown that his sentence exceeded the statutory limits or that the instruction to the jury
was either erroneous or rendered his trial fundamentally unfair.

Therefore, Petitioner has failed to show that the OCCA's decision with respect to
this claim was contrary to or an unreasonable application of clearly established federal
law.  Accordingly, the undersigned recommends that Ground Three of the petition be
denied.

IV.   <u>Petitioner's Motion to Supplement the Record</u>

On January 3, 2005, Petitioner filed a "motion" purporting to supplement his
sentencing claim in Ground Three with two decisions by the United States Supreme
Court - *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S.
296, 124 S.Ct. 2531 (2004).  *See* Doc. No. 17 (Petitioner's Motion).  In his motion
Petitioner alleges that by imposing consecutive sentences instead of concurrent
sentences, the trial court imposed "enhanced exception sentencing."  Petitioner asserts

14

that the trial court "failed to instruct Petitioner's jury that they could assess and declare and/or recommend that the punishment within their verdict in Count 1 and 2 could run concurrently, each with the other and/or for that matter run consecutively, each after the other." Petitioner's Motion at 2. According to Petitioner, this claim was not available until the Supreme Court issued its 2004 decision in *Blakely*, and in that case the Court reaffirmed the holding in *Apprendi* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* Petitioner requests that this Court review such claim and order that his sentences in Case No. CF-1999-2131 be served concurrently.

The undersigned initially notes that Petitioner's motion does not merely supplement the sentencing claim in Ground Three, rather it sets forth an entirely different factual and legal basis for challenging his sentences. Thus, Petitioner is essentially seeking to amend his petition to present a new ground for habeas relief. For the following reasons, the undersigned recommends that Petitioner's attempt to amend his petition be denied. First, while the instant petition was timely filed, Petitioner is attempting to add the new claim, based on an entirely separate theory of relief, after the expiration of the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A). Such claim, based on new facts and a different legal theory, does not "relate back" to the initial petition under Fed. R. Civ. P. 15(c) and thus is time-barred. *See Mayle v. Felix*, 545 U.S.__, 125 S.Ct. 2562, 2569-75 (2005) (holding an amended petition does not relate back and thus avoid the AEDPA's one-year time limit, when it asserts a new ground for relief

supported by facts that differ in both time and type from those set forth in the original pleading).

Second, such claim is likewise not timely under the § 2244(d)(1)(C) exception for newly recognized constitutional rights, based on the Supreme Court's 2004 *Blakely* decision. "In *Blakely*, a direct criminal appeal, the Supreme Court held that the State of Washington's sentencing procedures violated the defendant's constitutional right under the Sixth Amendment because facts essential to his sentence were not proven to a jury beyond a reasonable doubt or admitted by him." *Leonard v. United States*, 383 F.3d 1146, 1147 (10th Cir. 2004). The *Blakely* decision is inapplicable to Petitioner's claim that the trial court's decision to order his sentences served consecutively rather than concurrently was unconstitutional.[7]  By operation of Oklahoma law, unless otherwise specified, sentences are to be served consecutively. *See Beck v. State*, 478 P.2d 1011, 1012 (Okla. Crim. App. 1970) (When a judgment and sentence is imposed in one or more cases on the same date for separate offenses and the judgment does not specify that sentences shall run concurrently, sentences must be served consecutively); *Ex parte Griffen*, 216 P.2d 597, 599 (Okla. Crim. App.  1950) (A sentence in the penitentiary on a second or subsequent conviction of a person convicted of two or more crimes must commence on the termination of the sentence on the first conviction, unless a later judgment and sentence expressly provides that the sentence shall run concurrently with sentence on the first conviction).  As previously discussed, each sentence recommended by the jury in Petitioner's case was within the statutory maximum range allowed for a recidivist

---

[7]Petitioner also cites Okla. Stat. tit. 22, § 926 which provides, in relevant part, that a "sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence."

offender under Oklahoma law then in effect.  Here, the trial judge exercised his discretion to make service of Petitioner's sentences run consecutively.  Because such claim was within the discretion of the sentencing courts, the court was not required to make any factual findings, nor does it appear that it did so.  Thus, *Blakely* does not apply to the facts of Petitioner's case.

Additionally, the Supreme Court did not suggest that its holding in *Blakely* would apply retroactively.  *See generally Blakely*, 124 S.Ct. at 2539-43.  The Tenth Circuit has concluded, for purposes of considering whether a second or successive 28 U.S.C. § 2255 motion should be authorized, that a collateral attack on a federal conviction is not available under *Blakely*, because the "Supreme Court has not expressly held that the rule announced in *Blakely* is applicable to the Federal Sentencing Guidelines, nor has it held that the rule is retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion."  *Leonard*, 383 F.3d at 1148 (citing *Tyler v. Cain*, 533 U.S. 656 ( 2001) and *Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001)); *see also United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not apply retroactively to initial habeas petitions).[8]

---

[8]Other courts that have rejected petitioners' attempts to apply *Blakely* retroactively on collateral attack.  *See Reid v. Stewart*, No. 04-35668, 2004 WL 2858694, *1 (9th Cir. Dec.6, 2004) (affirming denial of § 2254 petition and stating that "[t]he rules announced subsequent to Reid's conviction and sentence becoming final" in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, *supra*, "do not apply retroactively to cases on collateral review, and thus are inapplicable here"); *Morgan v. Beck*, No. 04-6963, 2004 WL2165919, at *1 n.1 (4th Cir. Sept. 23, 2004) (finding petitioner's attempt to raise a *Blakely* claim for the first time in § 2254 action to no avail because "the Supreme Court has not made its ruling in *Blakely* retroactive to cases on collateral review.") (unpublished disposition); *Jaubert v. Dretke*, No. Civ.A. 404CV326Y, Civ.A. 404CV327Y, Civ.A.404CV328Y, Civ.A. 404CV329Y, Civ.A. 404CV330Y, 2004 WL 1923893, *1 & n.1 (N.D.Tex. Aug. 27, 2004) (in § 2254 action, finding *Blakely* has no application to a jury's imposition of sentence, and further noting that the Supreme Court made no suggestions that *Blakely* would apply retroactively) (unpublished disposition).

Thus, the undersigned finds that Petitioner's attempt to amend his petition with a new claim should be denied because such amendment would be untimely.  The new claim does not relate back to the initial petition and Petitioner has failed to raise any colorable claim based on a newly recognized constitutional right made retroactively applicable to cases on collateral review so as to trigger a later onset of the limitations period under 28 U.S.C. §2244(d)(1)(C).  Under these circumstances, the undersigned recommends that Petitioner's motion, construed as a motion to amend, be denied.

### RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied.  It is further recommended that Petitioner's "Motion to Supplement the Record" [Doc. No. 17] be construed as a request to amend his petition and denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 22nd of August, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 29th day of July, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE