IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL LEROY FRANKLIN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-04-236-T |
| | ) |
| ERIC R. FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

ORDER

Petitioner, a state prisoner appearing *pro se*, brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings.

On August 1, 2005 the magistrate judge filed a Report and Recommendation [Doc. No. 19] in which she recommended that the petition be denied. She further recommended that petitioner's "Motion to Supplement the Record" [Doc. No. 17] be construed as a request to amend his petition and that such request be denied. Because petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

Petitioner challenges the constitutionality of his conviction and sentence, following an Oklahoma County District Court jury trial, in which he was found guilty of possession of a controlled dangerous substance (cocaine) and of assault and battery upon a police officer, both after former conviction of two or more felonies. He was sentenced to 20 years imprisonment on each conviction.

In support of his petition for habeas relief, petitioner argues that: 1) his Fourth Amendment rights were violated because the trial court overruled his motion to suppress certain evidence; 2) his right to due process and fundamental fairness was violated at trial when the prosecution was allowed to call a rebuttal witness who had not been listed as a witness prior to trial; and 3) the trial court erroneously refused to instruct the jury regarding the applicable range of punishment set forth in a 2001 amendment to Oklahoma's habitual offender statute. Each issue was also asserted by petitioner in a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"); therefore, it is not disputed that petitioner has exhausted the state remedies on these claims. Petitioner's conviction was affirmed by the OCCA in its March 21, 2003 summary opinion. Because petitioner filed this action within the statutory limitations period, his petition is timely.

The court has reviewed the record and the governing law, and has fully considered petitioner's claims as well as his objections to the Report and Recommendation. Having conducted a *de novo* review, the court concludes that the Report and Recommendation should be adopted as though fully set forth herein and that habeas relief must be denied.

With respect to petitioner's first claim for relief, the magistrate judge correctly concluded that petitioner has a full and fair opportunity to litigate his Fourth Amendment claim. The record establishes that, petitioner's motion to suppress was fully considered by the trial court at a pretrial hearing; the record further shows that petitioner's challenge to the denial of the motion to suppress was considered by the OCCA. Both the trial court and the appellate court rejected petitioner's arguments. In his objection to the Report and Recommendation, he offers no new argument or authority in support of this claim. His argument that the magistrate judge failed to apply Stone v. Powell, 428 U.S. 465 (1976) is not supported by the record.

On the contrary, the magistrate judge discussed <u>Stone</u> as well as other relevant authority and legal rulings in those decisions to this case. *See* Report and Recommendation at pages 5-8. In summary:

> Under <u>Stone</u>, habeas relief shall not be granted on the ground that the trial court admitted evidence obtained in violation of the Fourth Amendment despite the judicially-created exclusionary rule, provided that the defendant had an opportunity for full and fair litigation of the Fourth Amendment claim.

<u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1265 (10th Cir. 1999), *citing* <u>Stone</u>, 428 U.S. at 481-482.

After analyzing the record of the trial and the parties' arguments, the magistrate judge concluded that petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim. Report and Recommendation, pages 5-7. The record and the governing law support that conclusion. Accordingly, habeas relief is properly denied on this claim.

Petitioner's second claim for relief is based on the argument that his due process rights were violated at trial when the prosecution was allowed to call a rebuttal witness who had not been listed as a witness prior to trial. As the magistrate judge noted, the record shows that the witness had been called during the prosecution's case in chief; his testimony was excluded when petitioner's counsel objected because the witness had not been listed in advance of trial. *See* Report and Recommendation, page 8, and citations to the record contained therein. However, the same witness was called as a rebuttal witness after petitioner testified. Petitioner's counsel did not object, although he asserted an objection to some of the testimony as being outside the scope of "proper rebuttal." Record, Ex. 4 at page 467.

In his direct appeal, petitioner asserted his argument regarding the rebuttal witness. However, the OCCA rejected the argument, holding that the testimony was properly introduced to rebut petitioner's testimony regarding his actions during the incidents which led to his arrest. Record, Ex. 3 at page 2. The

OCCA relied on Oklahoma law regarding rebuttal testimony.  *Id.*, *citing* Johnston v. State, 673 P.2d 844, 849 (Okla. Crim. App. 1983) and Short v. State, 980 P.2d 1081, 1094 (Okla. Crim. App. 1999).  Under Oklahoma law, pretrial notice of rebuttal witnesses is not required; therefore, the OCCA concluded, no violation occurred when an undisclosed witness offered rebuttal testimony.  Short, 980 P.2d at 1094. Furthermore, as the magistrate judge noted, even if there had been an evidentiary error, such error does not support a claim for federal habeas relief.  Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002). Habeas review of alleged evidentiary errors is limited to that which is so "grossly prejudicial" that it fatally infected the entire trial and resulted in fundamental unfairness.  Hooker v. Mullin, 293 F.3d 1232, 1238 (10th Cir. 2002), *cert. denied,* 537 U.S. 1165 (2003).

The record in this case does not support that conclusion.  The court agrees that petitioner is not entitled to habeas relief on this basis.

In his third ground for habeas relief, petitioner argues that the trial court erred at the sentencing phase by refusing to instruct the jury regarding the range of punishment.  Petitioner sought an instruction based on the range of punishment established in a 2001 amendment to Oklahoma's habitual offender statute, and that instruction was refused by the trial court.  On appeal, petitioner challenged this ruling, and the OCCA rejected his argument.  According to the OCCA,  the 2001 amendment did not apply to petitioner because the crimes with which he was charged occurred in 1999, and the 2001 amendment was not retroactive.  *See* Record, Ex. 3 at page 2.

The magistrate judge correctly noted that petitioner's claim seeks retroactive application of an Oklahoma sentencing law; as such, it involves only a matter of state law which is not cognizable in a federal habeas action.  *See, e.g.,* Foster v. Ward, 182 F.3d 1177, 1193 (10th Cir. 1999).  Even if construed as

an attempt to seek federal court review of the trial court's jury instructions, petitioner's argument is not grounded in federal law; accordingly, habeas review is not available. The magistrate judge correctly concluded that petitioner's third ground does not warrant habeas relief.

In the Report and Recommendation, the magistrate judge also recommended that petitioner's motion to supplement the record be construed as a motion to amend the petition because it asserts an entirely new argument in support of his challenge to the sentences imposed. As discussed in the Report and Recommendation, the new claim is not timely asserted because it was not filed within the one-year statute of limitations required by 28 U.S.C. § 2244(d)(1)(A). A claim based on new facts and a different leal theory does not "relate back" to the petition and is time-barred. Mayle v. Felix, 545 U.S. ___, 125 S.Ct. 2562, 2569-75 (2005).

To the extent that petitioner attempts to assert a new argument based on Blakely v. Washington, 542 U.S. 296 (2004), that argument fails. As the magistrate judge noted, Blakely does not apply to petitioner; as discussed at pages 16 and 17 of the Report and Recommendation, Blakely has no impact on petitioner's challenge to the consecutive service of his sentences under Oklahoma law or any other challenge he asserts[1]. In any event, the court has not applied Blakely retroactively, and this circuit has rejected its retroactive application. *See, e.g.,* Leonard v. United States, 383 F.3d 1146, 1147 (10th Cir. 2004).

The court agrees with the magistrate judge that petitioner's motion to supplement constitutes an attempt to amend the petition to assert a new claim which is neither timely nor cognizable in a federal

---

[1]*As the magistrate judge also pointed out, Blakely does not create a newly recognized constitutional right which would qualify as an exception to the one year limitations period under § 2244(d)(1)(C). See Report and Recommendation at pages 16-17.*

5

habeas action. Therefore, the motion must be denied.

Having fully reviewed the record *de novo* and having considered the arguments asserted in petitioner's objection to the Report and Recommendation, the court concludes that the Report and Recommendation [Doc. No. 19] should be adopted in its entirety. Accordingly, petitioner's request for habeas relief is DENIED; the motion to supplement [Doc. No. 17], construed as a motion to amend the petition, is DENIED.

IT IS SO ORDERED this 9th day of September, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE